IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| ATHLETES FOR CHRIST, L.P. d/b/a SHIELDS OF STRENGTH, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:15-cv-268 |
| IRON WARRIOR JEWELRY LLC, | ) ) | COMPLAINT |
| Defendant. | ) ) ) | JURY TRIAL DEMANDED |
| _____ | ) | |

## COMPLAINT

Plaintiff Athletes for Christ, L.P. d/b/a Shields of Strength ("Plaintiff" or "Shields"), by and through its undersigned counsel, brings this complaint against Defendant Iron Warrior Jewelry LLC ("Defendant"), and alleges as follows:

## PRELIMINARY STATEMENT

1.      This is an action for: Defendant's infringement of Plaintiff's U.S. Trademark Registration No. 4,611,243 in violation of 15 U.S.C. § 1114(1); Defendant's federal unfair competition in violation of 15 U.S.C. § 1125(a); Defendant's infringement in violation of Texas common law; Defendant's unfair competition in violation of Texas common law; Defendant's infringement of Plaintiff's U.S. Copyright No. VA001838101 in violation of 17 U.S.C. § 501; and Defendant's infringement of Plaintiff's U.S. Design Patent No. D710,241 in violation of 35 U.S.C. § 271.   Accordingly, Plaintiff seeks, among other relief, a permanent injunction to prevent Defendant from: using Plaintiff's federally registered trademark; using Plaintiff's common law mark; otherwise competing unfairly with Plaintiff; reproducing, advertising,

promoting, marketing, distributing, giving away, publicly displaying, or selling any copies of

Plaintiff's copyrighted work; reproducing, distributing copies of or preparing derivative works

based on Plaintiff's copyrighted work; and continuing to make, use, sell, and/or offer to sell any

products that infringe Plaintiff's patent; actual damages and/or profits for Defendant's trademark

infringement and unfair competition; actual damages and/or statutory damages for Defendants'

copyright infringement; damages in the form of profits from Defendant's sale of products that

infringe Plaintiff's patent; enhanced damages for Defendants' willful infringement; reasonable

attorneys fees and costs incurred in prosecuting this action; and prejudgment and post-judgment

interest.

## THE PARTIES

2.      Plaintiff Athletes for Christ, L.P. d/b/a Shields of Strength is a limited partnership

organized and existing under the laws of the State of Texas with its principal place of business

located at 1555 S. Major Drive, Beaumont, TX  77707.

3.      Upon information and belief, Defendant Iron Warrior Jewelry LLC is a limited

liability company organized and existing under the laws of the State of Arizona with its principal

place of business located at 20100 N. 78th Place, Apt. 1123, Scottsdale, Arizona 85255.  Upon

further information and belief, Defendant can be served with process through service upon its

registered agent, Alison Ann Simpson, at the same address.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this action pursuant to the

provisions of 35 U.S.C. §§ 1 *et seq*., including 35 U.S.C. § 271; 15 U.S.C. §§ 1114, 1121, and

1125; 17 U.S.C. § 501; and 28 U.S.C. §§ 1331(a), 1338, and 1367.

5.      Upon information and belief, this Court has personal jurisdiction over Defendant because Defendant has engaged in tortious conduct in this District by selling, offering for sale, and shipping products that infringe Plaintiff's trademarks, copyright and/or patent to customers who reside in this District, by using infringing trademarks on an interactive website that is accessible to customers in this District, and by unfairly competing with Plaintiff in this District.

6.      Venue is proper under 28 U.S.C. §§ 1391 and 1400 because Defendant is subject to personal jurisdiction in this District based on Defendant's acts of trademark, copyright and/or patent infringement and unfair competition in this District and because a substantial part of the unlawful acts and violations hereinafter described have occurred and are occurring within this District, where Plaintiff resides.

## FACTS COMMON TO ALL COUNTS

7.      In or about 1999, John Kennedy Vaughan and his wife Tammie Vaughan began producing, distributing, marketing, and selling motivational and inspirational jewelry under the name SHIELDS OF STRENGTH.

8.      The original SHIELDS OF STRENGTH products were metal identification tags and bracelets containing scriptural references like the products shown below:



9.     Since their introduction in 1999, SHIELDS OF STRENGTH dog tag jewelry products have been very popular with military personnel.

10.     For example, in 2003, Captain Russell Rippetoe was wearing a SHIELDS OF STRENGTH dog tag when he was killed in action in Afghanistan, and President George W. Bush read the scripture that was on the tag during a Memorial Day speech that year.  A true and correct copy (with advertisements and comments omitted) of a November 28, 2003 article from *The Washington Times* about SHIELDS OF STRENGTH products is attached as Exhibit A.

11.     In 2004, the book *The Faith of the American Solder* by Stephen Mansfield was published, and Mr. Mansfield described the SHIELD OF STRENGTH as "a symbol of valor for a new generation that has now reached millions."  According to Mr. Mansfield, "[t]here is one in the Oval Office, others in the pockets of congressmen and senators, and, aside from the official insignias they wear, it is the emblem most often carried by members of the military in Afghanistan and Iraq."

12.     SHIELDS OF STRENGTH products have also been popular with professional athletes.  For example, Robert Griffin III wore his SHIELDS OF STRENGTH tag in a photograph featured on the cover of the April 30, 2012 edition of ESPN Magazine.  A true and correct copy of the cover is attached as Exhibit B.

13.     In addition, Ray Lewis and several other members of the Baltimore Ravens wore SHIELDS OF STRENGTH products in 2013 during Super Bowl XLVII, and Mr. Lewis draped his SHIELDS OF STRENGTH necklace on the Vince Lombardi Trophy (*i.e.*, the trophy awarded each year to the winning team of the Super Bowl).  True and correct copies of photographs showing Mr. Lewis wearing a SHIELDS OF STRENGTH necklace at the Super

Bowl, and a SHIELDS OF STRENGTH necklace draped on the Vince Lombardi Trophy are attached as Exhibit C.

14.     During 2013, Plaintiff launched a line of motivational fitness jewelry that included a weight plate pendant, a dumbbell pendant, and a kettlebell pendant.   A photograph showing the three flagship products in Plaintiff's SHIELDS OF STRENGTH fitness jewelry line appears below:



15.     Plaintiff's line of fitness jewelry products quickly gained popularity in the months following introduction of the fitness jewelry line.

16.     Athletes, in particular, embraced Plaintiff's SHIELDS OF STRENGTH fitness jewelry products, and have given Plaintiff's products substantial publicity in social media. Printouts from various social media sites from launch to mid-2014 evidencing this publicity are attached as Exhibit D.

17.     In or about spring 2014, upon information and belief, Defendant became aware of the popularity of Plaintiff's line of motivational fitness jewelry products and undertook steps to introduce Defendant's own line of motivational fitness jewelry products.

18.     Upon information and belief, Defendant copied or had a third party copy all three of the flagship components of Plaintiff's fitness jewelry product line such that Defendant's

weight plate, dumbbell, and kettle bell products were virtually indistinguishable from Plaintiff's weight plate, dumbbell and kettle bell pendants. Screen printouts from Instagram showing Plaintiff's flagship fitness jewelry products as they were marketed in June 2014 and a June 2014 promotion of Defendant's initial launch of fitness jewelry line  are shown below:



19.     A printout from Defendant's Instagram page of June 2014 showing Defendant's fitness jewelry products is attached as Exhibit E.

20.    Because customers of fitness jewelry products were so familiar with Plaintiff's products, customers immediately noticed that Defendant had copied Plaintiff's products.  A copy of comments on social media about Defendant's copying is attached as Exhibit F.

21.    Defendant also began immediately marketing its fitness jewelry products in the same social media venues used by Plaintiff to market its SHIELDS OF STRENGTH fitness jewelry products in a manner that specifically targeted Plaintiff's customers.   For example, Plaintiff had been advertising its products on the Train and Transform, Train and Inspire, Train to Amaze, and Get a Booty pages on Instagram for several months prior to Defendant's June 2014 launch of Defendant's fitness jewelry products.  A printout from the Train and Inspire page dated on or about July 31, 2014, showing an Iron Warrior ad in the top left corner and a Shields of Strength ad in the lower left corner appears below:



22.     Immediately after the introduction of Defendant's fitness jewelry product line in June 2014, consumers began confusing Defendant's products with Plaintiff's products.   An example of such confusion is attached as Exhibit G.

23.     Between June 2014 and February 2015, Plaintiff contacted Defendant to request that Defendant cease and desist from selling products that were infringing upon Plaintiff's rights. Copies of such correspondence and Defendant's responses are attached as Exhibit H.

24.     Although Defendant made a few minor alterations to its jewelry products, Defendant continues to market and sell products that infringe Plaintiff's trademark, copyright, and patent rights.

25.     In fact, customers continue to be confused by Defendant's infringing fitness jewelry products up to the filing of this Complaint.   For example, in March 2015, Defendant offered a St. Patrick's Day 30% off coupon.  A customer contacted Plaintiff to complain that the coupon was not working.

26.     Also in March 2015, Plaintiff was at the Arnold Sports Festival, and several attendees wanted to use Plaintiff's 40% discount.  However, Plaintiff was not offering such a discount.  Instead, Defendant was offering such a discount.

27.     Customers have also returned Defendant's fitness jewelry products to Plaintiff, believing that such products were Plaintiff's fitness jewelry products.  Such returned products of Defendant are inferior in quality to Plaintiff's jewelry products.

28.     In May 2015, Plaintiff ran a contest for its customers.  A customer posted on Defendant's Instagram page inquiring about whether there was a winner of the contest.  Printouts from Instagram dated May 12, 2015 showing such confusion are attached as Exhibit I.

### FACTS COMMON TO TRADEMARK AND
### UNFAIR COMPETITION CLAIMS

29.     Plaintiff is the owner, by assignment from Kenny Vaughan, of the mark Weight Plate Design for jewelry; jewelry, namely, dog tags for wear by humans for decorative purposes necklaces, charms and for the online sale of jewelry products, which mark is shown below:

9



30.     Plaintiff is also the owner of a distinctive trade dress that it uses on its weight plate products (the "Weight Plate Trade Dress").  The Weight Plate Trade Dress is shown below:



31.     Since at least as early as March 2013, Plaintiff, for itself and for the benefit of its predecessor, has continuously used the Weight Plate Design mark and Weight Plate Trade Dress (collectively, the "Weight Plate Marks") on Plaintiff's motivational jewelry products, including Plaintiff's fitness jewelry products, and in connection with the marketing and sale of Plaintiff's line of motivational jewelry products.

32.     Examples of some of Plaintiff's motivational jewelry products that bear the Weight Plate Marks are shown below:



33.     Plaintiff is the owner, by assignment from Kenny Vaughan, of U.S. Registration No. 4,611,243 (the "Registration") of the Weight Plate Design mark maintained on the Principal Register of the USPTO.  True and correct copies of the Patent and Trademark Office record for the Registration and its assignment are attached as Exhibit J.

34.     Since at least as early as March 2013, Plaintiff, for itself and for the benefit of its predecessor, has continuously used the Weight Plate Marks to promote and sell Plaintiff's motivational jewelry products.  True and correct printouts made on July 3, 2015, from Plaintiff's website at shieldsofstrength.com, Plaintiff's Instagram page, Plaintiff's Facebook page showing Plaintiff's use of the Weight Plate Marks to promote and sell Plaintiff's motivational jewelry products are attached as Exhibits K, L and M, respectively.

35.     The Weight Plate Marks are prominently featured in Plaintiff's promotional materials, including the following use of the Weight Plate Design Mark in Plaintiff's social media tag:

@shieldsofstrength

36.     The Weight Plate Design mark is also featured on the labels of Plaintiff's products:



37.     Plaintiff also features the Weight Plate Marks on signage used at trade shows and other events.  Photographs showing examples of such signage, including signage used at the Arnold Sports Festival trade show in February 2014 are attached as Exhibit N.

38.     Plaintiff also uses the Weight Plate Design mark on t-shirts, like the one shown below:



39.     The Weight Plate Marks and the motivational jewelry products that such Marks identify have also been embraced and endorsed by professional body builders and fitness celebrities, including professional body builder Andy Haman and fitness competitor Amanda Latona.  True and correct copies of printouts from the Instagram pages of Mr. Haman and Ms. Latona showing their endorsements of the Weight Plate Marks and Plaintiff's motivational jewelry products are attached as Exhibit O.

40.     Plaintiff has also featured the Weight Plate Marks in advertisements in national publications.  Attached as Exhibit P is a true and correct copy of an advertisement for Plaintiff's products that was placed in the October 2014 issue of *Oxygen* magazine.

41.     Since March 2013, Plaintiff has spent hundreds of thousands of dollars to advertise and promote throughout the United States Plaintiff's motivational fitness jewelry products under the Weight Plate Marks.  As a result of such advertising and promotion of Plaintiff's motivational jewelry products under the Weight Plate Marks, and as evidenced by the Registration, the Weight Plate Marks have become well known and widely accepted and respected by the consuming public and in the trade and had become well known and widely accepted and respected by the consuming public and in the trade prior to June 2014.  As a further result of such advertising, and as evidenced by the Registration, the Weight Plate Marks have become distinctive and had become distinctive prior to June 2014, identifying products and services emanating only from Plaintiff, and symbolizes extremely valuable goodwill, all as evidenced by sales of motivational jewelry products under the Weight Plate Marks throughout the United States of several million dollars since March 2013.

42.     As a result of Plaintiff's promotional efforts, the Weight Plate Marks have become hugely popular and had become hugely popular prior to June 2014.

43.     The Weight Plate Marks have acquired distinctiveness and had acquired distinctiveness prior to June 2014.

44.     The Weight Plate Marks are non-functional.

45.     Upon information and belief, Defendant, in or about June 2014, intentionally adopted, advertised, and used marks ("Infringing Marks") that are identical to and/or confusingly similar to Plaintiff's Weight Plate Marks on and in connection with the marketing and sale of Defendant's motivational jewelry products.

46.     Examples of Defendant's products that bear the Infringing Marks are shown below:



47.     Upon information and belief, Defendant has adopted, advertised, and used the Infringing Marks on and in connection with the promotion and sale of motivational jewelry

products for the purpose of:   (i) trading on the goodwill and reputation of Plaintiff; (ii) capitalizing on the hundreds of thousands of dollars spent by Plaintiff in advertising and promoting Plaintiff's motivational jewelry products; and (iii) misleading the purchasing public into believing that Defendant and its motivational jewelry products are legitimately connected with, sponsored by, or approved by Plaintiff.

48.     Upon information and belief, Defendant is advertising and promoting motivational jewelry products in a manner calculated to call to mind the Weight Plate Marks and to create the false impression that Defendant's business and jewelry products are affiliated, connected, or associated with Plaintiff and/or that Defendant has the sponsorship or approval of Plaintiff.   The public is likely to be misled or deceived by the false impression arising from Defendant's use of the Infringing Marks.

49.     Defendant's promoting and sale of motivational jewelry products under the Infringing Marks are likely to cause confusion, mistake, and deception as to the source and origin of Defendant's products.

50.     Upon information and belief, although Defendant removed the listing for one of its products bearing the Infringing Marks from its website in or about August 2014, Defendant continued to distribute and sell such product to customers after Defendant removed such listing.

51.     As of the date of this Complaint, Defendant is continuing to use the Infringing Marks on and in connection with the marketing and sale of motivational jewelry products and Defendant's business.

52.     Defendant's continuing use of the Infringing Marks demonstrates a willful and bad faith intent to create confusion, deception, and mistake in the minds of Defendant's

customers and potential customers and to trade on Plaintiff's goodwill by implying a connection or relationship between Defendant's products and business and those of Plaintiff as a result of which Defendant has been and will be unjustly enriched.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT
## IN VIOLATION OF 15 U.S.C. § 1114

53.    The allegations of Paragraphs 1 through 52 are incorporated by reference and realleged as if fully set forth herein.

54.    Defendant's aforesaid acts constitute trademark infringement of the Registration in violation of § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

55.    The aforesaid acts of Defendant are greatly and irreparably damaging to Plaintiff and will continue to be greatly and irreparably damaging to Plaintiff unless enjoined by this Court, as a result of which Plaintiff is without an adequate remedy at law.

## COUNT II

## FEDERAL UNFAIR COMPETITION IN
## VIOLATION OF  15 U.S.C. § 1125(a)

56.    The allegations of Paragraphs 1 through 52 are incorporated by reference and realleged as if fully set forth herein.

57.    Defendant's aforesaid acts tend to represent falsely that Defendant's motivational jewelry products are legitimately connected with Plaintiff; tend to describe falsely that Defendant's motivational jewelry products emanate from or are sponsored or approved by Plaintiff; and tend to designate falsely that Defendant's motivational jewelry products originate

from Plaintiff, all of which constitute violations of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

58.     The aforesaid acts of Defendant are greatly and irreparably damaging to Plaintiff and will continue to be greatly and irreparably damaging to Plaintiff unless enjoined by this Court, as a result of which Plaintiff is without an adequate remedy at law.

## COUNT III

## COMMON LAW TRADEMARK INFRINGEMENT

59.     The allegations of Paragraphs 1 through 58 are incorporated by reference and realleged as if fully set forth herein.

60.     Defendant's aforesaid acts constitute common law trademark infringement.

61.     The aforesaid acts of Defendant are greatly and irreparably damaging to Plaintiff and will continue to be greatly and irreparably damaging to Plaintiff unless enjoined by this Court, as a result of which, Plaintiff is without an adequate remedy at law.

## COUNT IV

## COMMON LAW UNFAIR COMPETITION

62.     The allegations of Paragraphs 1 through 58 are incorporated by reference and realleged as if fully set forth herein.

63.     Defendant's aforesaid acts constitute unfair competition in that:

(a)     said acts enable and will continue to enable Defendant to obtain the benefit of and trade on the goodwill of Plaintiff;

(b)    said acts damage and will continue to damage Plaintiff's goodwill in that Plaintiff does not have control over the business and services of Defendant;

(c)    said acts have caused and are likely to continue to cause confusion, mistake or deception of the public; and

(d)    said acts will result in the unjust enrichment of Defendant.

64.    The aforesaid acts of Defendant are greatly and irreparably damaging to Plaintiff and will continue to be greatly and irreparably damaging to Plaintiff unless enjoined by this Court, as a result of which, Plaintiff is without an adequate remedy at law.

## COUNT V

## COPYRIGHT INFRINGEMENT

65.    The allegations of Paragraphs 1 through 28 are incorporated by reference and realleged as if fully set forth herein.

66.    Plaintiff is the author of the work entitled "Weight Plate Pendant – Philippians 4:13" (the "Work") shown below:



67.     On April 23, 2014, Plaintiff filed an application with the Register of Copyrights to register the Work.

68.     U.S. Copyright Registration VA1938108 on the Work was subsequently issued, effective April 23, 2014, and a true and correct copy of such registration, with deposit material, is attached as Exhibit Q.

69.     Upon information and belief, without permission or license from Plaintiff, Defendant has produced, authorized to be produced, distributed, publicly displayed, offered for sale, and sold weight plate pendants ("Infringing Weight Plate Pendants") within the United States that are substantially similar to and copied from Plaintiff's Work.

70.     Upon information and belief, Defendant, having full knowledge of Defendant's rights in and to the Work, has copied or has had a third party copy Plaintiff's original design in order to produce the Infringing Weight Plate Pendants.

71.     Examples of the Infringing Weight Plate Pendants include, but are not limited to, the following products:

 



72.    Upon information and belief, Plaintiff has and is willfully copying Plaintiff's Work in order to produce Infringing Weight Plate Pendants for sale.

73.    Upon information and belief, although Defendant removed the listing for one of its Infringing Weight Plate Pendants from its website in or about August 2014, Defendant continued to distribute and sell this version of the Infringing Weight Plate Pendant to customers after Defendant removed such listing.

74.    The conduct of Defendant constitutes copyright infringement in violation of 17 U.S.C. § 501.

75.    Defendant's wrongful conduct has deprived Plaintiff of goodwill and caused harm to Plaintiff.

76.     Upon information and belief, Defendant's acts of copyright infringement are continuing and have been committed willfully with knowledge of Plaintiff's rights in the Work.

77.     Defendant's infringements of the copyright in the Work has caused and will cause irreparable harm to Plaintiff unless such conduct is permanently enjoined.

## COUNT VI

## PATENT INFRINGEMENT

78.     The allegations of Paragraphs 1 through 28 are incorporated by reference and realleged as if fully set forth herein.

79.     On August 5, 2014, U.S. Patent No. D710,241 S (the "'241 Patent") for a "Pendant" was duly and legally issued by the United States Patent and Trademark Office ("USPTO").  A true and correct copy of the '241 Patent is attached as Exhibit R.

80.     Plaintiff is the owner by assignment of all right, title and interest in and to the '241 Patent, including all right to recover for any and all past infringement of the Patent.

81.     The '241 Patent is directed to a unique ornamental design of a pendant in the shape of a dumbbell shown below:



82.     Plaintiff sells and offers for sale products in the United States that incorporate the inventions claimed in the '241 Patent including, but not limited to, the motivational fitness jewelry products shown below:



83.    Upon information and belief, without permission or license from Plaintiff, since the '241 Patent issued on August 5, 2014, Defendant has manufactured, offered to sell, or sold dumbbell pendants that incorporate the inventions claimed and described in the '241 Patent ("Infringing Dumbbell Pendants") in the United States and in this District.

84.     Examples of the Infringing Dumbbell Pendants offered for sale, distributed and sold by Defendant in the United States in the past and/or continuing to be offered for sale, distributed and sold by Defendant in the United States through the date of this Complaint are shown below:



85.     By offering to sell, manufacturing or importing, distributing, and/or selling the Infringing Dumbbell Pendants in the United States, the designs of which are substantially the same as the ornamental design of the '241 Patent, Defendant has directly infringed and continues to directly infringe the claims of the '241 Patent.

86.     Defendant's actions are in violation of 35 U.S.C. § 271.

87.     Upon information and belief, although Defendant removed the listing for one of its Infringing Dumbbell Pendants from its website in or about August 2014 following receipt of notice of the '241 Patent (Exhibit H at pages 19-26), Defendant continued to distribute and sell this version of the Infringing Dumbbell Pendant to customers after Defendant removed such listing.

88.     Upon information and belief, the acts of Defendant complained of herein continue to be committed intentionally and willfully, with knowledge of Plaintiff's rights in the '241 Patent at least as early as August 12, 2014 (Exhibit H at pages 19-26).

89.     Defendant's infringement of Plaintiff's rights under the '241 Patent has damaged and will continue to damage Plaintiff's business, causing irreparable harm, for which there is no adequate remedy at law, unless Defendant is enjoined by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

WHEREFORE, Plaintiff prays for the following relief:

(a)     That judgment on all claims of the Complaint be entered for Plaintiff and against Defendant;

(b)     That pursuant to 15 U.S.C. § 1117, Defendant be ordered to pay to Plaintiff three times Plaintiff's actual damages caused by Defendant's trademark infringement and unfair competition, and Defendants' profits from any sales of goods or services under the Weight Plate Marks or any colorable imitation of such Marks;

(c)      That pursuant to 17 U.S.C. § 504, Defendant be ordered to pay to Plaintiff, at Plaintiff's election, either (1) statutory damages of up to $150,000 for Defendant's willful infringement of Plaintiff's copyright in the Work, as specified in 17 U.S.C. § 504(c)(2), or (2) the actual damages suffered by Plaintiff as a result of the infringement of its copyright in the Work, and any of Defendant's profits resulting from Defendant's infringement of the copyright in the Work that are not taken into account in computing actual damages;

(d)      That pursuant to 35 U.S.C. § 289, Defendant be ordered to pay to Plaintiff all of Defendant's profits arising from Defendant's infringement of the '241 Patent, the exact extent of which cannot be determined by Plaintiff;

(e)      That Defendant, its affiliated entities, officers, servants, agents, representatives, employees, attorneys, successors, assigns, heirs and assigns be permanently enjoined and restrained from:

(1)      Using, in the advertisement, promotion, merchandising, distributing, offering for sale, and sale of jewelry products and/or any related goods or services, the Infringing Marks or any mark that is confusingly similar to the Weight Plate Marks;

(2)      Expressly or impliedly representing itself to customers, potential customers, or the public to be affiliated in any way with Plaintiff in connection with the advertisement, promotion, merchandising, distributing, offering for sale, or sale of jewelry products and/or any related goods or services;

(3)     Representing, by words or conduct, that any product or service provided, offered for sale, sold, advertised, or rendered by Defendant is authorized, sponsored or endorsed by or otherwise connected with Plaintiff;

(4)     Otherwise infringing the Weight Plate Marks;

(5)     Competing unfairly with Plaintiff in any manner;

(6)     Reproducing, advertising, promoting, marketing, distributing, giving away, publicly displaying, or selling the Infringing Weight Plate Pendants or any other products that infringe the copyright in the Work;

(7)     Reproducing, distributing copies of, or preparing derivative works based upon the Work;

(8)     Otherwise infringing Plaintiff's copyrights in the Work;

(9)     Using, manufacturing, importing, having manufactured by a third party, selling or offering to sell the Infringing Dumbbell Pendants or any other products that directly infringe the '241 Patent;

(10)    Actively inducing any other person to infringe the '241 Patent; and

(11)    Performing any further acts of infringement of the '241 Patent;

(f)     That the Court find Defendant's acts of infringement and unfair competition to be willful;

(g)     That the Court award Plaintiff its costs of suit and attorneys fees pursuant to 17 U.S.C. § 505;

(h)     That the Court find this case to be exceptional under 35 U.S.C. § 285 and 15 U.S.C. § 1117 and award Plaintiff its reasonable attorneys fees for having to bring

this action to preserve its rights in the '241 Patent and Plaintiff's trademarks and enjoin Defendant's willful infringement of the '241 Patent and the Weight Plate Marks;

(i)     That Defendant be ordered to deliver up for destruction all products, labels, signs, prints, insignia, brochures, and any other written or recorded material or advertisements in its possession or control containing the Weight Plate Marks or any colorable imitation of the Marks;

(j)     That Defendant be required, in accordance with 15 U.S.C. § 1115, to file with this Court and serve on Plaintiff within thirty (30) days from the date of entry of any injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the terms of the injunction; and

(k)     That Plaintiff be awarded prejudgment and postjudgment interest; and

(l)     That Plaintiff be granted such other and further relief as the Court deems just and equitable.

This 7th day of July, 2015.          Respectfully submitted,


                                    */s/ J. Thad Heartfield*
                                    J. Thad Heartfield
                                    Texas Bar No. 09346800
                                    thad@heartfieldlawfirm.com
                                    THE HEARTFIELD FIRM
                                    2195 Dowlen Road
                                    Beaumont, Texas  77706
                                    (409) 866-3318
                                    Fax: (409) 866-5789

Stephanie D. Scruggs
Virginia Bar No. 70,288
*(Pro hac vice application pending)*
sscruggs@sgrlaw.com
SMITH, GAMBRELL & RUSSELL, LLP
1055 Thomas Jefferson Street, NW
Suite 400
Washington, DC  20007
(202) 263-4300
Fax: (202) 263-4329

Elizabeth G. Borland
Georgia Bar No. 460313
*(Pro hac vice application pending)*
egborland@sgrlaw.com
SMITH, GAMBRELL & RUSSELL, LLP
Suite 3100, Promenade II
1230 Peachtree Street, N.E.
Atlanta, Georgia 30309-3592
(404) 815-3500
Fax: (404) 815-3509

ATTORNEYS FOR PLAINTIFF ATHLETES FOR
CHRIST, L.P. D/B/A SHIELDS OF STRENGTH